O'MALLEY v. O'MALLEY, Jr. etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6107. Decided May 18, 1925

Judges Pardee, Washburn and Funk, 9th Dist., sitting.

1271. WILLS—Though an absolute power of disposition in first taker defeats a limitation over by way of executory devise, this is not so where there is no express power of sale given to such first devisee and express limitation over prevents the implication of such power.

WASHBURN, J.

From the agreed statement of facts in this case, it appears that John O'Malley, Sr., died, leaving his widow and four children all of age. The bulk of his property was real estate, part of which he gave to his son, Theodore O'Malley, and part to his son John O'Malley. Theodore was married and had a son, Theodore Jr., who was under ten years of age; but John was unmarried.

The question is, whether Theodore, Jr., took any estate, contingent or otherwise, by the will of John O'Malley, Sr. The provision of the will to be construed is: "I give, devise and bequeath to my beloved son John O'Malley (certain lots) same to be his absolutely in fee simple - - -. In case my son John O'Malley should die leaving no lawful issue of his own body, the property herein bequeathed to him shall go to my grandson Theodore O'Malley, Jr., son of my son, Theodore O'Malley." The Court of Appeals on appeal from the Cuyahoga Common Pleas held:

1. The cardinal principle in construing a will is to ascertain the intention of the testator; and in so doing, all of the provisions of the will and the facts and circumstances surrounding the testator at the time of the making of the will should be given due consideration.

2. If two provisions of a will are apparently inconsistent, they should be reconciled, and both given effect if the language used and the circumstances will warrant the conclusion that by so doing the manifest intention of the testator can be carried out.

3. If what O'Malley, Sr. attempted to give Theodore, Jr., is a remainder, such attempt would be ineffectual because he had already given the whole estate in fee to John O'Malley, Jr., and it is settled that a remainder cannot be ingrafted on a fee.

4. But the testator did not intend to give Theodore, Jr., an estate which would vest at his (the testator's) death, but only an estate which might come into being and vest on a future contingency, to wit: the death of John O'Malley without lawful issue of his body.

5. If at the time of his death, John O'Malley has lawful issue of his body, his fee becomes absolute, and any transfer made by him during his life will become binding upon his heirs; but if he die without lawful issue, his estate will divest and go to Theodore O'Malley, Jr., by way of executory devise. Briggs v. Hopkins, 103 OS. 321.

6. It is settled that an absolute power of disposition or alienation in the first taker defeats a limitation over by way of executory devise.

7. In the case at bar there is no express power of sale or consumption given to the first devisee, and the express limitation over prevents the implication of such power.

8. In the event of the contingency happening, that of John O'Malley dying without lawful issue, then Theodore, Jr., will take an estate by devise from the testator. Rings v. Borton, 108 OS. 280.

9. Prayer of John O'Malley to quiet title as against him cannot be granted and his petition is dismissed.

Attorneys—Dowling, Dowling & Moriarty for John O'Malley; Haserodt & Kaps for Theodore O'Malley, Jr., all of Cleveland.